# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**MYRTLE J. SHOEMAKE**                                      **PLAINTIFF**

**v.**                                  **CIVIL ACTION NO. 2:19-CV-20-KS-JCG**

**REGIONS BANK**                                           **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Defendant's Motion to Dismiss [4].

## I. BACKGROUND

Plaintiff maintains a checking account with Defendant. She alleges that her husband's caretaker forged her signature on at least thirty-four checks for over $24,000.00. Plaintiff claims Defendant processed and paid the checks without question, failing to exercise ordinary care in good faith. She asserted several common-law claims against Defendant and demanded a variety of damages, including punitive damages. Defendant filed a Motion to Dismiss [4], which the Court now considers.

## II. STANDARD OF REVIEW

First, the Court must determine the appropriate standard of review. A court considering a motion under Rule 12(b)(6) is generally limited to consideration of the pleadings, *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010), but Defendant argues that the Court may consider several documents attached as a cumulative exhibit to its motion. Plaintiff contends that the Court can

not consider these materials unless it converts the motion to one for summary judgment under Rule 56. *See* FED. R. CIV. P. 12(d).

"The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Ironshore Europe DAC v. Schiff Hardin, LLP*, 912 F.3d 759, 763 (5th Cir. 2019). Therefore, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Id.*

Defendant argues that the bank statements, deposit agreements, and notice of revision attached to its motion were referenced in the Complaint, but it has not directed the Court to such references. In fact, the Complaint contains no reference to the bank statements, deposit agreements, or notice of revision. Likewise, Plaintiff did not refer to the declaration of Kimberly Burkhalter Townsley, which contains more than the bare declarations needed to authenticate the bank records. Defendant apparently contends that Plaintiff's reference to the bank account and transactions is sufficient, but Defendant has not cited any precedent to that effect. Therefore, because none of these materials were specifically referenced in Plaintiff's Complaint, it would not be prudent for the Court to consider them while applying Rule 12(b)(6)'s standard of review.

Rule 12(d) provides: "If, on a motion under Rule 12(b)(6) . . . , matters outside

the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." FED. R. CIV. P. 12(d). In such situations, the "district court has complete discretion to either accept or exclude the evidence." *Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007). The Court declines to consider the extrinsic materials. Accordingly, Rule 12(b)(6)'s standard of review applies.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock*, 624 F.3d at 210 (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009).

## III. DISCUSSION

### A. *Common-Law or UCC*

First, Defendant argues that Plaintiff's common-law tort claims have been "displaced" by the UCC, and that the Court must dismiss Plaintiff's Complaint because of the pleading error. In response, Plaintiff acknowledges that her claims have been "subsumed" by the UCC, but argues that she need not plead the specific statutory provisions. Plaintiff suggests that the Court merely apply the UCC to her claims as pleaded, rather than dismiss them.[1]

Defendant has not cited any precedent requiring the Court to dismiss Plaintiff's common-law claims, rather than simply apply the UCC to them. *Midwest Feeders, Inc. v. Bank of Franklin*, 114 F. Supp. 3d 419 (S.D. Miss. 2015), is distinguishable because the plaintiff there pleaded both UCC and common-law claims. Regardless, even if the Court were inclined to dismiss Plaintiff's common-law claims, it would give her a chance to amend. Therefore, the Court declines to dismiss Plaintiff's claims on this basis – for the sake of efficiency, if nothing else. The parties can simply apply the UCC's provisions to the common-law claims.

### B. *The "Repeat Wrongdoer Rule"*

Next, Defendant argues that Plaintiff's claims are barred by the UCC's "Repeat Wrongdoer Rule." The statute provides, in relevant part:

---

[1] Indeed, this is how the federal courts in this state have treated product liability claims pleaded as common-law causes of action, rather than under the Mississippi Products Liability Act. *See Blouin v. Johnson & Johnson*, No. 2:17-CV-42-KS-MTP, 2017 WL 4969345, at *1 (S.D. Miss. Nov. 1, 2017) (listing cases).

4

(c) If a bank sends or makes available a statement of account . . . the customer must exercise reasonable promptness in examining the statement . . . to determine whether any payment was not authorized because of an alteration of an item or because of a purported signature by or on behalf of the customer was not authorized. If, based on the statement . . . provided, the customer should reasonably have discovered the unauthorized payment, the customer must promptly notify the bank of the relevant facts.

(d) If the bank proves that the customer failed, with respect to an item, to comply with the duties imposed on the customer by subsection (c), the customer is precluded from asserting against the bank:

(1) The customer's unauthorized signature or any alteration on the item, if the bank proves that it suffered a loss by reason of the failure; and

(2) The customer's unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank if the payment was made before the bank received notice from the customer of the unauthorized signature or alteration and after the customer had been afforded a reasonable period of time, not exceeding thirty (30) days, in which to examine the item or statement of account and notify the bank.

MISS. CODE ANN. § 75-4-406(c)-(d).

Therefore, Mississippi's UCC "provide[s] that a bank customer has a duty to discover and report 'unauthorized signatures,' i.e. forgeries." *Union Planters Bank, Nat'l Ass'n v. Rogers*, 912 So. 2d 116, 120-21 (Miss. 2005). The statute puts "the burden on the customer to exercise reasonable care to discover and report such transactions." *Id.* at 121. "The customer's duty to exercise this care is triggered when the bank satisfies its burden to provide sufficient information to the customer. As a result, if the bank provides sufficient information, the customer bears the loss when he fails to detect and notify the bank about the unauthorized transactions." *Id.*

5

Defendant's argument relies on bank records outside the pleadings which the Court declined to consider. With the Court's consideration limited to the facts alleged in the Complaint, the Court can not conclude that Defendant provided sufficient information to trigger Plaintiff's duty to discover and report the forgeries, or that Plaintiff failed to meet that duty. Therefore, the Court declines to dismiss Plaintiff's claims on this basis.

C. *Statute of Repose*

Defendant also argues that Plaintiff's claims are barred by the applicable statute of repose, as modified by Plaintiff's deposit agreement. Mississippi's UCC provides, in relevant part: "Without regard to the care or lack of care of either the customer or the bank, a customer who does not within one (1) year after the statement or items are made available to the customer . . . discover and report the customer's unauthorized signature on or any alteration on the item is precluded from asserting against the bank the unauthorized signature or alteration." MISS. CODE ANN. § 406(f). This one-year notice provision "'may be varied' by the deposit agreement." *Century Const. Co., LLC v. Bancorpsouth Bank*, 117 So. 3d 345, 348 (Miss. 2013) (quoting MISS. CODE ANN. § 75-4-103(a)).

This argument also relies on bank records outside the pleadings which the Court declined to consider. With the Court's consideration limited to the facts alleged in the Complaint, the Court can not determine when or if Defendant provided a statement to Plaintiff. Therefore, the Court declines to dismiss Plaintiff's claims on

this basis.

## III. Conclusion

For these reasons, the Court **denies** Defendant's Motion to Dismiss [4].

SO ORDERED AND ADJUDGED this 25th day of June, 2019.

                                            /s/   Keith Starrett
                                                KEITH STARRETT
                                    UNITED STATES DISTRICT JUDGE